UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SELECTIVE INSURANCE COMPANY OF AMERICA,

        Plaintiff,

-against-

VILLAGE OF ALEXANDER, DANIEL J. LANG, and
C & D DESIGN, BUILD, DEVELOPMENT, LLC,

        Defendants.

------------------------------------------------------------x

Case No.:

**COMPLAINT**

Plaintiff Selective Insurance Company of America ("Selective"), by its attorneys, Gunnercooke US LLP, as and for its complaint, respectfully alleges:

## NATURE OF THE ACTION

1. In this action, Selective seeks a judgment declaring that it has no duty to defend or indemnify defendants Village of Alexander ("the Village") or Daniel J. Lang in a lawsuit captioned *C & D Design, Build, Development, LLC v. Village of Alexander, et al.*, in the Supreme Court of the State of New York, County of Genesee, Index No. E65440 ("the Underlying Action"), under an insurance policy Selective issued to the Village ("the Selective Policy").

## THE PARTIES

2. Selective is a corporation organized and existing under the laws of the State of New Jersey and maintaining a principal place of business in the State of New Jersey.

3. The Village is a municipal corporation organized and existing under the laws of the State of New York.

4. Defendant Daniel J. Lang is a resident of the State of New York.

5. Defendant C & D Design, Build, Development, LLC is a corporation organized and existing under the laws of the State of New York and maintaining a principal place of business in the State of New York.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction due to diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7. In the Underlying Action, C&D seeks damages against the Village and Lang in the amount of $2,500,000 for their alleged violation of its due process rights under the United States Constitution and 42 U.S.C. § 1983 in connection with their condemnation of C&D's property located at 3399 Buffalo Street, Alexander, New York ("the Property").

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this matter occurred in this judicial district.

9. An actual justiciable controversy exists between the parties as respects the coverage afforded to the Village and Lang in the Underlying Action under the Selective Policy.

10. Selective has no adequate remedy at law.

## THE SELECTIVE POLICY

11. Selective issued to the Village an insurance policy numbered S1536051, effective September 20, 2014, to September 20, 2015 ("the Selective Policy"), which provides commercial general liability and umbrella coverage, subject to its terms and conditions.

12. The Selective Policy's commercial general liability coverage part, which is subject to a $1,000,000 per occurrence limit, includes the following provisions:

**SECTION I — COVERAGES**
**COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a**. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and
**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:
**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
**(2)** The "bodily injury" or "property damage" occurs during the policy period;
. . .

**SECTION V — DEFINITIONS**
. . .
**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
. . .

3

    **17.** "Property damage" means:

        **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

        **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

    **2. Exclusions**

This insurance does not apply to:

    **a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

    This exclusion does not apply to:

    **(1)** "Bodily injury" resulting from the use of reasonable force to protect persons or property; and

    **(2)** "Bodily Injury" or "property damage" resulting from your efforts to protect persons or property and arising out of the operations of your fire department, first aid squad, ambulance squad or rescue squad.

    13.    The Selective Policy's umbrella coverage part provides no coverage for the insured's liability covered under the commercial general liability coverage part until that coverage part's $1,000,000 per occurrence limit is exhausted and is otherwise subject to the same terms referenced above limiting coverage under the commercial general liability coverage part.

    14.    The Selective Policy's umbrella coverage part also identifies as "underlying insurance" for which it provides excess, follow-form coverage to a Public Officials policy

4

issued by Selective Insurance Company of New York bearing policy number S 1323004 ("the Public Officials Policy").

15. Selective denied coverage to the Village and Lang under the Public Officials Policy.

16. Neither the Village nor Lang have disputed Selective's denial under the Public Officials Policy.

## AS AND FOR A CAUSE OF ACTION

17. Selective repeats all previous allegations made herein.

18. Selective is presently defending the Village and Lang in the Underlying Action under the Selective Policy subject to a denial of coverage.

19. In the Underlying Action's sole surviving cause of action, C&D alleges that the condemnation of the Property by the Village and Lang was improper because C&D was denied due process of law to challenge the condemnation, resulting in its inability to use the building as a rental property and thus in a loss of income.

20. The remaining cause of action is not covered because it does not seek damages for "property damage" caused by an "occurrence," as the Selective Policy defines those terms.

21. Alternatively, to the extent the remaining cause of action seek damages because of "property damage" caused by an "occurrence," as the Selective Policy defines those terms, it seeks damages because of "property damage" expected or intended from the standpoint of the Village and Lang and thus falls within the scope of the policy's Expected or Intended Injury exclusion.

22.     Selective is thus entitled to a judgment declaring that it has no duty to defend or indemnify the Village or Lang under the Selective Policy in the Underlying Action.

**WHEREFORE**, Selective demands that the Court issue a judgment declaring it has no duty to defend or indemnify the Village or Lang in the Underlying Action under the Selective Policy; and granting such other relief as the Court deems proper.

Dated:    New York, New York
          June 5, 2024

                                        GUNNERCOOKE US LLP

                                        _____
                                        Max W. Gershweir, Esq.
                                        Attorneys for Plaintiff
                                        475 Park Avenue South – 23rd Floor
                                        New York, New York 10016
                                        646.440.8375